# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## Cases Recently Decided As Per Dates Shown

No. 14
SHREVE v. BURK (Next friend)
Ohio Appeals, 7th Dist, Mahoning County
Decided Oct. 5, 1923

118. AUTOMOBILES — Instruction that driver should slacken speed and not injure pedestrians on crosswalk, held erroneous— Owner is not liable for negligence of employee outside of employment.

1195. TRIAL—Attorney, and not the judge, should conduct examination of witness.

POLLOCK, J.    Epitomized Opinion
First Publication of this Opinion

This action was brought in the Mahoning Common Pleas by defendant in error Burk, a minor, for whom a verdict was returned against Shreve, the owner of the truck driven by one Routh.

Shreve operated a taxicab and motor business in Beloit and had one Routh, age 21, as an operator of one of the busses and as a mechanic. Routh drove Shreve's Ford truck to Alliance, and when returning drove his truck into Elizabeth Burk, age 7, at a street crossing. The evidence disclosed that an automobile turned from the cross street into the street along which Routh was driving, but the automobile turned to the left instead of the right-hand side of the street and Routh struck the girl in turning out for the auto.

The court charged the jury that it was the duty of a party operating an automobile, under any circumstance, not to injure pedestrians crossing at intersections of streets and that when a pedestrian was on a cross walk the driver should slacken or stop the machine, and that a party is more liable for injury to children than to grown persons.

The evidence disclosed, though there was some conflict, that Routh borrowed this Ford truck from Shreve to drive to Alliance to purchase a second-hand car for Routh. One of the witnesses was examined at length by the court, and his questions were in the form of cross-examination. The jury returned a verdict for Burk. In reversing the judgment the Court of Appeals held:

1. The court's charge to the jury was erroneous because prejudicial to Shreve and sufficient to reverse the case.

2. The verdict was against the weight of evidence because at the time of the accident Routh was not operating the car in the employ of or on the business of Shreve. 88 O. S. 18.

3. The court may ask questions of a witness, but we think it should be rather infrequently indulged in. It would have been much better if the court had permitted the attorney to conduct the examination.

Attorneys—Harrington, DeFord, Huxley & Smith, Youngstown, for Shreve; W. P. Speidel, Youngstown, for Burk.

No. 15
WORLEY v GLASS
Ohio Appeals, 4th Dist., Franklin County
No. 1032. Decided Nov. 19, 1923

118. AUTOMOBILES—The case of Elliot v. Harding (Supreme Court) held not controlling of facts in this case—Owner of automobile not liable where car is used by members of the family, unless owner is negligent in permitting an incompetent person to operate the same.

BY THE COURT.    Epitomized Opinion
First Publication of this Opinion

This action was begun by Worley in the Franklin County Common Pleas.

Worley was struck and injured by an automobile owned by defendant, Robert Glass. The machine was driven by Glass' son, who was 17 years of age. The petition did not allege incompetency of the driver, and no evidence was introduced to prove it. Judgment was rendered for the defendant upon the ground that there was no agency and moreover there was no evidence that he was negligent in trusting the car to an incompetent driver. The judgment was confirmed by the Court of Appeals of Franklyn County. Later this application for a rehearing was filed based upon the case of Elliot v. Harding. In denying the application, the Court of Appeals held:

1. That the case of Elliott v. Harding (1 Abs. 204) was not in point because in that case the pleadings raised the issue of the incompetency of the driver, and there was evidence to prove that the driver was not only a minor but that he was incompetent, and therefore the owner was negligent in that respect. In the instant case the pleadings raised no such issue, and while the driver was only 17 years of age, there was no evidence introduced tending to show that he was incompetent to drive the car.

2. The owner of a machine is not liable by the mere fact that the machine is driven by a member of his family unless he is negligent in permitting a person to drive the automobile who is incompetent to operate the same.

Attorneys—Thos. M Sherman, Columbus, for Worley; Henry F. Guerin, Columbus, for Glass.